IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. OWL-FEATHER GORBEY, | : | Civil No. 3:20-cv-806 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MR. CHAMBERS, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA"). (Doc. 1). Gorbey also filed a motion (Doc. 8) for leave to proceed *in forma pauperis*. Upon preliminary review, the Court finds that the complaint is in violation of Federal Rule of Civil Procedure 8(a). Review of the complaint also reveals that Gorbey improperly includes unrelated claims against multiple Defendants in violation of Rule 20(a)(2). Mindful of the wide latitude given to *pro se* Plaintiffs, the Court will provide Gorbey an opportunity to correct these pleading errors by filing an amended complaint which strictly complies with Rule 8 and Rule 20.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

I.   **Background**

On May 18, 2020, Gorbey commenced this action with the filing of a *pro se* complaint. (Doc. 1). In his complaint, Gorbey sets forth various complaints regarding his confinement with the Bureau of Prisons, the alleged inadequate conditions at USP-Lewisburg, and his perceived mistreatment by numerous Defendants beginning on April 17, 2020. (*See id.*). Gorbey alleges that Defendants violated his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.*). For relief, he seeks, *inter alia*, "$9,500,00.00 cash", a Court Order forbidding USP-Lewisburg to continue to house inmates, immediate medical treatment, and restoration of good conduct time. (*Id.* at p. 41).

II.   **Discussion**

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. See FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the Plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Gorbey's complaint fails to meet these basic pleading requirements. The complaint is relatively concise. The problem is that the factual narrative involves a host of unrelated claims and lists the following sixteen Defendants—Mr. Chambers, Discipline Hearing Officer; Mr. Marr, G-Unit Counselor; Mr. King, Correctional Officer; Mr. Bohlin, Executive Assistant; C. Ulrich, Correctional Officer; Mr. Brickard, Assistant Warden; Mr. Spaulding, Warden; Mr. Rekowski, Unit Manager; Mrs. Caterall, Unit Manager; Kevin Pigos, Medical Doctor; Andrew Edinger, Medical Doctor; Woodrow, Medical Staff Employee; J. Ordonez, SIS Investigator; T. Leininger, Chaplain; B. Carney, Supervisory Chaplain; and, the United States Attorney General. While some of the claims arguably provide sufficient factual detail to satisfy Rule 8, (see, e.g., Doc. 1, p. 28 (describing inadequate conditions of confinement)), most of the claims offer nothing more than a disconnected summary of isolated events. And, the majority of the purported claims fail to identify the allegedly responsible Defendant at all.

In addition, the complaint lists a hodgepodge of alleged violations—First, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights, exposure to 1930s-1940s lead paints, placement on the top bunk, inadequate security, denial of adequate showers, clothing, or laundry, rusty hot boiler steam pipes, denial of razors or ability to shave, denial of proper access to the Administrative Remedy Process, denial of medication or medical treatment, improper inmate reclassification, excessive lighting in cells, improper inmate transfer across state lines, staff misconduct, staff misuse of the discipline hearing process, violation of

religious rights, and tampering with legal mail—but fails to clearly link these theories to the various named Defendants. In sum, Gorbey's complaint "[[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). Gorbey's complaint thus fails to comply with Rule 8.

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple Defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one Defendant, a Plaintiff may assert every claim he has against that Defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

When a Plaintiff seeks to assert claims against *multiple* Defendants, however, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a Plaintiff may only join multiple Defendants in a single case if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants

will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a Plaintiff may join multiple Defendants in a single complaint only if he asserts at least one claim linking *all* Defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named Defendants. Once a Plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more Defendants, even if those additional claims are unrelated to the common claim linking all Defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Gorbey' complaint violates Rule 20. The claims in the complaint do not properly link all Defendants. For example, there is no obvious connection between Gorbey's claim that he was improperly transferred from the Federal Correctional Institution, Estill, South Carolina to USP-Lewisburg and immediately placed in the Special Housing Unit, and the balance of his allegations concerning the alleged inadequate conditions of confinement, interference with legal mail, violation of religious rights, and staff misconduct complaints. Under Rule 20, these disconnected and unrelated claims against multiple Defendants cannot stand.

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must

ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined Defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

## III. Conclusion

The Court will afford Gorbey the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20. The amended complaint must more clearly state the basis for the claims lodged against each Defendant. *See* FED. R. CIV. P. 8(a). If Gorbey's amended complaint names more than one Defendant, the pleading must identify at least one common cause of action against all of them. *See* FED. R. CIV. P. 20(a)(2). To the extent Gorbey believes he has been subjected to a violation of his rights by a Defendant unable to be joined in this case, Gorbey must file separate complaints addressing the separate occurrences. A separate Order shall issue.

                                              *s/ Robert D. Mariani*
                                              Robert D. Mariani
                                              United States District Judge

Dated: May 20, 2020